ants Jennie Wallace and Charles Rueger. As to the other defendants, judgment modified, by dismissing plaintiff's complaint as an individual, limiting the accounting to ten years prior to the commencement of the action, and, as so modified, affirmed, without costs. Settle order, including the propriety of substituting an official referee, to save expense to the parties, on two days' notice to the referee, before Stapleton, J. Jenks, P. J., and Carr, Stapleton, Mills, and Rich, JJ., concur.

NORTHERN BANK OF N. Y., Respt., v. Leida M. FLEITMAN, as adm'x., Applt. (Supreme Court, Appellate Division, First Department. March 3, 1916.) Judgment affirmed, with costs. No opinion. Order filed.

Emanuel NOVOTNY, by guardian, etc., Applt., v. LIVINGSTON RADIATOR & MANUFACTURING CO., Respt. (Supreme Court, Appellate Division, First Department. February 25, 1916.) Judgment affirmed with costs. No opinion. Order filed.

John M. O'CONNOR, Respondent, v. INTER-BOROUGH RAPID TRANSIT COMPANY, Appellant. (Supreme Court, Appellate Division, First Department. February 25, 1916.) Appeal from Trial Term, New York County.

PER CURIAM. We think that the finding of the jury that the defendant was negligent is against the weight of the evidence. The judgment and order appealed from is therefore reversed, and a new trial ordered, with costs to appellant to abide the event. Order filed.

In the Matter of the claim of Mary E. O'NEIL for compensation, etc., v. CARLEY HEATER COMPANY, employer, and the Fidelity & Casualty Company of New York, insurer, applts. (Supreme Court, Appellate Division, Third Department. March 8, 1916.) Award affirmed. All concur, except Lyon, J., dissenting.

Benjamin OPPENHEIM, Respondent, v. Henry A. ROBINSON, Henry H. Vreeland, Harry P. Whitney, and D. C. Moorehead, Appellants. Impleaded with Metropolitan Street Railway Company, Peter A. B. Widener, Thomas F. Ryan, Charles E. Warren, Oren Root, Jr., and Ambrose F. McCabe, Defendants. (Supreme Court, Appellate Division, First Department. February 18, 1916.) Appeal from Special Term, New York County.

PER CURIAM. In addition to the particulars directed to be given by the order appealed from and those which plaintiff has offered to give, we think that defendants-appellants are entitled to the following items as demanded in the notice of motion, to wit: In respect to paragraph VII, the items designated as "j," "l" and "m"; in respect to paragraph VIII, the items designated "b" and "c"; in respect to paragraph IX, the item designated "f"; in respect to paragraph XI, the items designated "c," "e," and "f"; in respect to paragraph XIV, the items designated "b" and "m"; and the items designated 6, 7, and 8. As thus modified, the order appealed from is affirmed, without costs to either party. Settle order on notice.

In the Matter of Isidore OSHLAG, an attorney. (Supreme Court, Appellate Division, Second Department. March 3, 1916.) We regard the conduct of the respondent as censurable, but in view of the fact that he has paid the judgment recovered by the plaintiffs, the report of the referee is confirmed, and the proceeding is dismissed.

Mary OST v. Henry MINDLIN et al. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Motion denied, with $10 costs. Order filed.

Edward OTT, respt., v. Joseph HOLDEN, applt. (Supreme Court, Appellate Division, Third Department. March 8, 1916.) Judgment and order unanimously affirmed, with costs.

In the Matter of John PALMIERI. (Supreme Court, Appellate Division, First Department. February 11, 1916.) Reference ordered to official referee. Settle order on notice.

Samuel PAPIER, Respt., v. The POEWEN-THAL CO., Applt. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Judgment and order affirmed, with costs. No opinion. Order filed.

PARK & TILFORD, Applt., v. REALTY ADVERTISING & SUPPLY CO., Respt. (Supreme Court, Appellate Division, First Department. February 25, 1916.) Judgment affirmed, with costs. No opinion. (Clarke, P. J., dissenting, and voting to modify by reducing judgment to the sum of $1,769.39.) Order filed. See, also, 160 App. Div. 21, 144 N. Y. Supp. 907.

Theressa PARROTT, respondent, v. NEW YORK & LONG ISLAND TRACTION COMPANY and Harry Leichtman, etc., appellants. (Supreme Court, Appellate Division, Second Department. February 4, 1916.) Judgment unanimously affirmed, with costs. No opinion.

Benjamin PASSEL, an inft., Respt., v. BORDEN'S CONDENSED MILK CO., Applt. (Supreme Court, Appellate Division, First Department. March 17, 1916.) Judgment and order affirmed, with costs. No opinion. Order filed.

William PAULDING, respondent, v. HUDSON FUEL COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. February 28, 1916.) Order modified, by striking out "in all things and respects granted," and substituting "granted upon exception at folio 483 of the record," and, as so modified, affirmed, with costs to respondent to abide the event. No opinion. Carr, Stapleton, Mills, Rich, and Putnam, JJ., concur.

Tony PEDICINI, respondent, v. BROOKLYN, QUEENS COUNTY & SUBURBAN RAILROAD COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. March 17, 1916.) Without consideration of the

question of contributory negligence, the judgment and order of the County Court of Queens County are reversed, and a new trial ordered, costs to abide the event, upon the ground that the finding of negligence was against the weight of the evidence. See Jackson v. Union Railway Company, 77 App. Div. 161, 78 N. Y. Supp. 1096, and Kappus v. Metropolitan Street R. Co., 82 App. Div. 13–18, 81 N. Y. Supp. 442. Jenks, P. J., and Thomas, Carr, and Putnam, JJ., concur. Rich, J., votes for affirmance.

PELHAM HEIGHTS COMPANY, respondent, v. Arland W. JOHNSON and Mary H. Johnson, appellants, and others, defendants. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Order reversed, and motion to vacate order appointing receiver granted, all without costs, upon the ground that we think the defendants should not be dispossessed before the trial which may so speedily be had, with leave, however, to plaintiff to apply for the appointment of a receiver if the trial should terminate in plaintiff's favor, or if the trial should be unduly delayed by the defendants Johnson, or either of them. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

Cesidio PELLEGRINO, appellant, v. CLARENCE L. SMITH COMPANY, respondent. (Supreme Court, Appellate Division, Second Department. March 3, 1916.) Motion denied, with $10 costs.

George PENNELL, respondent, v. QUEENS LAND & TITLE COMPANY and Fidelity & Deposit Company of Maryland, appellants. (Supreme Court, Appellate Division, Second Department. January 28, 1916.) Judgment and order affirmed, with costs. No opinion. Thomas, Carr, Stapleton, Rich, and Putnam, JJ., concur.

PENN TILE WORKS v. Charles L. APFEL. (Supreme Court, Appellate Division, First Department. March 10, 1916.) Application denied, with $10 costs. Order signed.

The PEOPLE of the State of New York, respondents, v. Charles F. AMES, appellant. (Supreme Court, Appellate Division, Second Department. February 4, 1916.) Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Jenks, P. J., and Thomas, Stapleton, Mills, and Putnam, JJ., concur.

The PEOPLE, etc., Respt., v. Nicholas ARNSTEIN, impld., etc., Applt. (Supreme Court, Appellate Division, First Department. February 4, 1916.) Judgment (91 Misc. Rep. 177, 155 N. Y. Supp. 81) and orders affirmed. No opinion. See People v. Zayas, 111 N. E. 465, decided by the Court of Appeals, not yet officially reported. Order filed.

The PEOPLE of the State of New York, respondents, v. William BERTLINI, appellant. (Supreme Court, Appellate Division, Second Department. March 10, 1916.) Motion granted.

The PEOPLE, etc., Respt., v. Hyman COLODNY. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Motion granted. Order filed.

The PEOPLE of the State of New York, respondents, v. George DEVINE, appellant. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Judgment of conviction of the County Court of Kings County affirmed. No opinion. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

PEOPLE, etc., v. Richard C. FLOWER. In the Matter of George F. BUTTERWORTH and ano. (Supreme Court, Appellate Division, First Department. March 24, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

The PEOPLE, etc., v. Max GARDNER. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Motion granted. Order filed.

The PEOPLE of the State of New York, respondents, v. Albert GREEN, appellant. (Supreme Court, Appellate Division, Second Department. February 28, 1916.) Judgment of conviction of the County Court of Kings County affirmed. No opinion. Thomas, Mills, and Putnam, JJ., concur; Jenks, P. J., and Stapleton, J., dissent on the ground that the evidence is not sufficient to sustain a verdict and that defendant is guilty of the crime charged in the indictment.

The PEOPLE of the State of New York, respondents, v. Edward M. GROUT, appellant. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) There being a constitutional quorum of four members of this Appellate Division, the motion to certify the case to another Department is denied, and the cause put over to the term beginning February 28, 1916. Thomas, Mills, and Putnam, JJ., concur. Rich, J., dissents, and votes to grant the motion.

The PEOPLE of the State of New York, respondents, v. Edward M. GROUT, appellant. (Supreme Court, Appellate Division, Second Department. March 3, 1916.) The case is passed for the present term and set down for argument on Tuesday, April 18, 1916, at 10 o'clock a. m.

The PEOPLE of the State of New York, respondents, v. James HEFFRON, appellant. (Supreme Court, Appellate Division, Second Department. March 10, 1916.) Motion granted. Rich, J., not voting.

The PEOPLE of the State of New York, respondents, v. LYE LEE, appellant. (Supreme Court, Appellate Division, Second Department. March 17, 1916.) Judgment of conviction of the County Court of Kings County reversed, and a new trial ordered, upon the ground that the tes-